Filed 11/22/21  P. v. Thomas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092743 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE019347) |
| v. | |
| PHILLIP ANTONIO THOMAS, | |
| Defendant and Appellant. | |

Defendant Phillip Antonio Thomas pleaded no contest to lewd and lascivious conduct with a child under the age of 14 years and admitted a prior strike conviction. The court sentenced defendant to 17 years in prison and ordered him to pay statutory fines, fees, and assessments.  Defendant contends the court violated his constitutional right to due process by imposing fines and fees without first inquiring into his ability to pay, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  He also contends the $300 restitution fine was excessive under the Eighth Amendment and violated due process and equal protection.  We affirm the judgment.

1

BACKGROUND

Defendant grabbed an 11-year-old girl by the arm inside a store and tried to bring her outside before being stopped by the girl's grandmother. He later admitted he intended to sexually assault the girl.

Defendant was charged with lewd and lascivious conduct with a child under the age of 14 years (Pen. Code, § 288, subd. (a)),[1] attempted kidnapping for the purpose of violating section 288 (§§ 664, 207, subd. (b)), and indecent exposure (§ 314). It was also alleged that defendant had been convicted of two serious and violent felonies under sections 667, subdivision (e)(2) and 1170.12, subdivision (c)(2), and one of these was also a prior serious felony under section 667, subdivision (a).

Defendant pleaded no contest to the charge of lewd and lascivious conduct with a child under the age of 14 years and admitted one prior strike conviction.

On August 26, 2020, the trial court sentenced defendant to the middle term of six years, doubled for the prior strike, and an additional five years for the prior conviction under section 667, subdivision (a), for a total of 17 years. The court also imposed a $300 restitution fine (§ 1202.4), a stayed $300 parole revocation restitution fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

On September 14, 2020, defendant appealed.

On October 26, 2020, defendant's counsel filed a request with the trial court under section 1237.2 to reconsider the fines and fees imposed. The trial court denied the request.

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

Defendant argues that the trial court's imposition of the restitution fine, corresponding parole revocation fine, and the court operations and conviction assessments violated his constitutional rights because the trial court did not determine his ability to pay before imposing them. Defendant also contends the restitution fine violates the Eighth Amendment's prohibition against excessive fines. He asks this court for a stay so the trial court can conduct a hearing on his ability to pay each of these fines and assessments.

Defendant's argument relies primarily on *Dueñas, supra*, 30 Cal.App.5th 1157, which held "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Dueñas*, at p. 1164.) The *Dueñas* court also held "that although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*)

The Attorney General responds by arguing this claim is forfeited by defendant's failure to raise the issue of his ability to pay in the trial court. Assuming, without deciding, defendant's challenges to these restitution fines and assessments have not been forfeited,[2] we conclude *Dueñas* was wrongly decided and therefore reject defendant's claim on that basis.

---

[2] We decline to decide whether there was any forfeiture; even if there were, because defendant also now raises an ineffective assistance claim, we would exercise our

3

I

*Imposition of Mandatory Assessments*

We first address defendant's arguments regarding the trial court's imposition of the mandatory court operations assessment and conviction assessment violated his constitutional rights without an ability to pay hearing. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373. (*Kopp*, at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069 (*Aviles*); *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Having done so, we reject defendant's *Dueñas* challenge to the mandatory assessments.

II

*Prohibition on Excessive Fines*

We also reject defendant's Eighth Amendment argument. "The Eighth Amendment prohibits the imposition of excessive fines. The word 'fine,' as used in that provision, has been interpreted to be ' "a payment to a sovereign as punishment for some offense." ' " (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1040 (*Gutierrez*) (conc.

---

discretion to address the issue on the merits. (See *People v. Riel* (2000) 22 Cal.4th 1153, 1192.)

opn. of Benke, J.).)  The determination of whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in *United States v. Bajakajian* (1998) 524 U.S. 321 [141 L.Ed.2d 314] (*Bajakajian*).  (See *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728-729 [applying Eighth Amendment analysis to both defendant's federal and state excessive fines claims].)

" 'The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality:  The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.  [Citations.] . . .  [A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.'  (*Bajakajian, supra*, 524 U.S. at p. 334.)

"The California Supreme Court has summarized the factors in *Bajakajian* to determine if a fine is excessive in violation of the Eighth Amendment:  '(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay.  [Citations.]' (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co., supra*, 37 Cal.4th at p. 728; see *Gutierrez, supra*, 35 Cal.App.5th at p. 1040 (conc. opn. of Benke, J.).)  While ability to pay may be part of the proportionality analysis, it is not the only factor.  (*Bajakajian, supra*, 524 U.S. at pp. 337-338.)"  (*Aviles, supra*, 39 Cal.App.5th at p. 1070.)  We review the excessiveness of a fine challenged under the Eighth Amendment de novo.  (*Aviles*, at p. 1072.)

Here, we conclude the $300 restitution fine imposed for lewd and lascivious conduct with a child under 14 years old is not grossly disproportional to the level of harm and defendant's culpability in this matter.  Defendant attempted to kidnap a child and then admitted he had intended to sexually assault her.  At the sentencing hearing, the victim's mother testified that the child now "fears going places" and is scared "that somebody may try to abduct her again."  Under these circumstances, the $300 restitution fine imposed in this case is not excessive under the Eighth Amendment.

5

## III

### *Equal Protection*

Finally, we also reject defendant's challenge of the $300 restitution fine as violating equal protection without consideration of his ability to pay.

As noted in *Aviles, supra*, 39 Cal.App.5th 1055, "*Dueñas*'s due process and equal protection analysis was improperly based on a series of cases that addressed the concern 'that due process and equal protection guaranteed an indigent criminal defendant a free transcript of trial proceedings in order to provide that defendant with access to a court of review, where he [or she] would receive an adequate and effective examination of his criminal conviction. [Citation.]' (*Gutierrez, supra*, 35 Cal.App.5th at p. 1039 (conc. opn. of Benke, J.).) *Dueñas*'s reliance on certain statutes was also incorrect because 'these statutes instead ensure that all people, without regard to economic status, have equal access to our justice system.' (*Ibid*.) The fine and assessments imposed on the probationer in *Dueñas* did not raise 'an issue of access to our courts or justice system' or satisfy 'the traditional due process definition of a taking of life, liberty or property.' (*Ibid*.) '[There is] no general due process and equal protection authority which requires a court to conduct a preassessment present ability-to-pay hearing before imposing any fine or fee on a defendant, as *Dueñas* seems to conclude.' " (*Aviles*, at pp. 1068-1069, italics omitted.) We agree and conclude the trial court did not violate equal protection in not conducting an ability to pay hearing prior to imposing the $300 restitution fine.

6

## DISPOSITION

The judgment is affirmed.

/s/
_____
Hoch, J.

We concur:

/s/
_____
Raye, P. J.

/s/
_____
Murray, J.